UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| M.M., *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | 2:07-cv-01270 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| YUMA COUNTY, *et al.,* | ) | [Re: Motion at Docket 220] |
| | ) | |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 220, defendants Jose Piscoya, Steve Linde, and Northend Health
Associates (collectively "moving defendants") move to compel production of an internal
investigation report pertaining to the events giving rise to this lawsuit.  Defendants
Yuma County Jail District, Ralph E. Ogden ("Ogden"), Michael McGregor ("McGregor"),
Robert Kelly, Joe Franklin, Rafael Felix ("Felix"), Benjamin Wilson, and Donna Knolle
oppose the motion at docket 234 (collectively "Yuma County defendants").  The moving
defendants' reply is at docket 241, and an amended reply is at docket 250.  Oral
argument was requested, but would not assist the court.

## II.  BACKGROUND

The deadline for all discovery was September 30, 2010.[1]  The court has, on three separate occasions, enlarged the time for discovery to allow the parties to conduct specified depositions.[2]  During recently conducted depositions, the moving defendants became aware of a report prepared by a detective at the Yuma County Sheriff's Department after an internal investigation into the events giving rise to this lawsuit. Counsel to the moving defendants verbally requested a copy of the report and ultimately sent a letter to counsel for the Yuma County defendants to the same effect.[3]  Counsel to the Yuma County defendants initially indicated that the report was confidential and privileged, and stated that the report was outside the scope of required initial disclosures under Rule 26.  The moving defendants now seek to compel production of the report, despite never having prepared a formal request for production.

## III.  DISCUSSION

**A.  Motion to Compel Production of the Report**

The report is within the scope of discovery.[4]  The moving defendants argue that the Yuma County defendants should be compelled to produce the internal investigation report even though the deadline for written discovery has passed because they were unaware that the report existed until recently.  Moreover, the moving defendants argue

---

[1]Doc. 125 at 2.

[2]Doc. 168; doc. 183; doc. 204.

[3]Doc. 220-1 at 2.

[4]*See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense").

that an order compelling discovery is appropriate even though they never made a formal request for production of the report.

### 1. The Nature of the Moving Defendants' Request for Production

The Yuma County defendants maintain that the present motion should be denied because the moving defendants never propounded a formal request for production of the report.  The Yuma County defendants cite various non-binding authority in support of their position.[5]  Those cases turn on the notion that informal requests are not contemplated by the Federal Rules of Civil Procedure and, therefore, should not form the basis of a motion to compel.

The moving defendants cite a non-binding opinion from the District of Kansas in which a motion to compel was granted even though it was based on an informal discovery request.[6]  In that case, the court determined that the informal nature of the discovery request was not fatal because the opposing party responded.[7]  The court finds its rationale persuasive.  Here, the Yuma County defendants responded to the moving defendants' informal request for the investigation report by asserting that the document was not a required disclosure under Rule 26(a)(1)(A)(ii), and "appeared . . . privileged."[8][9]  "[W]hen one party responds to another's informal request, resort to a

---

[5]*E.g.*, *Stuid v. CIGNA Corp.*, 203 F.R.D. 227, 228 (D. V.I. 2001); *Sithon v. Maritime Co. v. Mansion*, 1998 WL 182785 (D. Kansas Apr. 10, 1998).

[6]*Lujan v. Exide Technologies*, No. 10-4023, 2011 WL 1594952, at *3 (D. Kansas Apr. 27, 2011).

[7]*Id.*

[8]Doc. 234 at 25–26.

[9]Doc. 241-1

motion to compel is an acceptable next step."[10]  Although a formal request for production would have been preferable, on these facts, the nature of the moving defendants' request does not preclude their motion to compel.

### 2. The Timing of the Motion

The scheduling and planning order called for discovery to be completed by September 30, 2010.[11]  It also provided that "[a]ll motions under the discovery rules must be filed no later than thirty (30) days following the date set for the closure of a class of discovery."[12]  Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent."[13]  The moving defendants maintain that they were unaware of the report until certain Yuma County defendants were deposed–"only recently."[14]  The court concludes that there is good cause to allow the present motion. Because the internal investigation report is within the scope of discovery, the moving defendants are entitled to it.

### B. Request to Enlarge the Time For Discovery to Conduct Additional Depositions

The moving defendants also seek to enlarge the time for discovery to depose Ogden, McGregor, and Felix.  The scheduling and planning order provides that "[a] deposition may be taken after the close of discovery only by leave of court obtained upon a showing of good cause why the deposition was not taken prior to the close of

---

[10]*Exide Technologies*, 2011 WL 1594952, at *3.

[11]Doc. 125 at 2.

[12]Doc. 125 at 3.

[13]Fed. R. Civ. P. 16(b)(4).

[14]Doc. 220 at 2.  *See also* doc. 220-2 at 2.

discovery."[15]  As discussed above, the court has granted three previous extensions of the time for discovery to allow the parties to conduct specified depositions.[16]

The moving defendants now seek to enlarge the time for discovery in order to depose three individuals who have been parties to the action since it was filed in 2007.[17] The moving defendants have had ample time to depose them.  Moreover, counsel for the moving defendants recently stipulated to an extension of time for discovery "for the limited purpose of taking the remainder of the already agreed upon depositions,"[18] but Ogden, McGregor, and Felix were not among the agreed upon deponents.  Even more troubling is the fact that counsel for the moving defendants made the stipulation without regard to its content.[19]  The court concludes that the moving defendants have not shown good cause to conduct additional depositions beyond the close of discovery.

**C.  Request for Sanctions**

The Yuma County defendants request sanctions pursuant to Rule 37.[20]  Because part of the motion has merit, sanctions are inappropriate.  The court declines to impose sanctions based on the moving defendants' unsuccessful attempt to enlarge the time for discovery.

---

[15]Doc. 125 at 2–3.

[16]Doc. 168; doc. 183; doc. 204.

[17]*See* doc. 1 at 1.  The moving defendants initially sought to conduct even more depositions, but withdrew a substantial portion of their request.  Doc. 250.

[18]Doc. 202 at 1.

[19]Doc. 234 at 22.

[20]*Id.* at 8.

## IV.  CONCLUSION

For the reasons above, the motion at docket 220 is **GRANTED** in part and **DENIED** in part as follows:

1) The Yuma County defendants shall provide the moving defendants with a copy of the internal investigation report.

2) The time for discovery will not be enlarged to allow for the depositions of Ogden, McGregor, or Felix.

The Yuma County defendants' request for sanctions is **DENIED**.

DATED this 10th day of November 2011.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE